State ex rel. Police Jury vs. Judge.

No. 10,347.

THE STATE EX REL. POLICE JURY OF THE PARISH OF JEFFERSON VS. THE JUDGE OF FIRST JUSTICE'S COURT FOR PARISH OF JEFFERSON.

A justice of the peace whose jurisdiction is limited to part of a parish which is subject to the jurisdiction of a police jury, has jurisdiction in a suit against the police jury for an amount not exceeding $100.

The fact that the sum claimed ($84) exceeds the lower limit of the jurisdiction of the district court, does not divest the justice of the peace of jurisdiction and render him incompetent to decide the case before him.

Prohibition does not lie in such case.

APPLICATION for Prohibition.

*Cunningham & Lyons* for the Relator.

*H. N. Gautier* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition.

Fowler having sued the police jury before the first justice of the peace of the parish, the defendant filed an exception to the jurisdiction, which was overruled. The exception rests on the grounds: That the territorial jurisdiction of the justice of the peace does not extend all over the parish, but is limited to the first ward only, and that the amount sued for, $84, being within the jurisdiction of the Twenty-sixth Judicial District Court for the Parish of Jefferson, ought to have been claimed there.

The theory of the defence is that the police jury, whose domicil is the *entire* parish, is not amenable before a court, the jurisdiction of which is restricted to *part* of the territory in which the domicil is established.

In support of that position reference is made to the ruling in Berthaud vs. Police Jury of Jefferson, 7 R. 550, in which it was held, that the defendant could not be sued before a city court, the jurisdiction of which was confined to certain municipal boundaries.

The ruling is inapplicable to the present case.

The City of Lafayette, incorporated in 1833, was provided with its own courts, which were vested with jurisdiction over its territorial boundaries. It was a distinct organization, a political corporation, having its own autonomy, independent from the police jury, the inhabitants

of which were relieved from parish taxes and exempt from suit, in the *parish* courts. The police jury had no jurisdiction over the territory represented by the City of Lafayette. The city was not the parish and the parish was not the city.

The fact that the officers representing the police jury resided within the municipal territory of the City of Lafayette did not confer jurisdiction to the city courts over the police jury.

In the present case, the police jury has jurisdiction over the territory constituting the entire parish, over part of which the justice of the peace has jurisdiction, and the justice of the peace has jurisdiction over the police jury, as a body corporate.

As the domicil of the police jury is located within the parish, extending over all and any part of the parish over which it exercises its jurisdiction, it follows, on the principle that all the parts constitute the whole, or that the whole is composed of all its parts, that its domicil is, as well as elsewhere in the parish, within the jurisdiction of the justice of the peace who has jurisdiction over part of the parish.

Were the proposition advanced true, the consequence would be that the police jury could never be sued in any case, in which the amount would not be within the jurisdiction of the district court. Suing for such amount, before that court, would be doing violence to the constitutional provision which confines its jurisdiction to amounts exceeding fifty dollars, and without lowering its limit to any sum exceeding zero, taking that figure as the initial point for the computation of a quantity.

To do so would be to say that district courts have jurisdiction over any amount less than fifty dollars, which cannot be done.

It is, therefore, ordered and decreed that the restraining order herein made be rescinded and that the application for a prohibition be refused with costs.